## COCHRAN *v.* LATIMER ET AL.

[71 South. 316.]

APPEAL AND ERROR. *Remand. Subsequent trial. Law of the case. Matters concluded.*

Where on a former appeal, the court held that the evidence was insufficient to show undue influence or fraud by the defendant upon his intestate, and on the trial after remand, under an amended bill, the plaintiff sought to prove a promise of the defendant connected with such undue influence, and such contention was sustained by the chancellor, without further evidence than that offered on the first trial, in such case the chancellor's decree was erroneous, since it did not follow the law of the case.

APPEAL from the chancery court of Holmes county.

HON. J. F. McCOOL, Chancellor.

Suit by Mrs. Norma W. Latimer and others against Mrs. M. J. Cochran and others. From a judgment for petitioners, defendant appeals.

After the case was reversed and remanded to the lower court, appellees, having obtained leave of the court, filed an amended bill, which in substance alleged that on account of the protracted illness of Samuel Wherry, deceased, he had become a physical and mental weakling, and that he was annoyed and embarrassed by debts, and that his daughter, Miss Mollie Wherry, now Mrs. M. C. Cochran, nursed him during his last illness, and that, having the utmost confidence in her, her influence over him became paramount and undue, and that she took advantage of his emaciated condition and passive will, and while he was in this condition of mind and body proposed to him that, if he would make her the sole beneficiary of his insurance policies, she would keep the premiums paid and pay his debts out of the proceeds, and divide what was left among his children, her brother and sisters, and that Mr. Wherry readily consented to this and changed the beneficiary in his insur-

ance policies accordingly, and that after his death she refused to divide with complainants. The bill prays that appellant be declared the trustee for the other children's part of the insurance.

Appellant answered under oath, denying any mental weakness on the part of her father, or that he reposed any special confidence in her, or that she exercised any undue influence over him, or that she made any agreement to pay his debts out of the proceeds and divide the remainder with the other children. She also pleaded that the matters and things set up in the amended bill had been adjudicated. On the hearing the chancellor sustained the allegations of the amended bill and granted an appeal.

*Elmore & Ruff,* for appellant.

*Boothe & Pepper,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This case is here for the second time, it having been reversed in Wherry et al. v. Latimer, 103 Miss. 524, 60 So. 563, 642; this court deciding that there was no fraud or undue influence used, or mental incapacity shown as to Mr. Samuel Wherry, the insured in the insurance policies about which this controversy arose. When the cause went back to the lower court the appellees amended their bill of complaint and alleged in substance that the appellant exercised undue influence over her father, the deceased Wherry, and that, while he was feeble in mind and body and a mental weakling, she unduly and corruptly induced her father to change the insurance policy to her, and in order to get him to more readily consent promised that, if he would make her the sole beneficiary of this insurance, she would keep the premiums and assessments paid up, pay his debts out of the proceeds, "and divide what was left between the children, her sisters and brother;" that he readily assented

111 Miss.—13

to this, and in consequence the change of beneficiary
was made; and that after the father's death appellant
refused to divide the insurance with appellees. No new
evidence was taken by the appellees on the hearing of
this cause in the court below, but they introduced and
relied alone upon the evidence taken in the former
hearing.

The appellant here invokes the doctrine of "the law
of the case," urging that this appeal should be con-
trolled and settled by the opinion in *Wherry et al.* v.
*Latimer et al., supra.* The decree of the chancellor in
the case before us now reads in part as follows:

"And now having fully considered said cause, and all
of the questions of law and fact at issue therein, and
being of the opinion after a due consideration of all of
the material facts and circumstances proven, and it so
appearing to the satisfaction of the court, that defend-
ant Miss M. J. Wherry, now Mrs. M. J. Cochran, had
and possessed undue influence and control over the will,
actions, and conduct of her father, Samuel Wherry, at
the time of the change of beneficiaries in the policies
or relief fund certificates described in the pleadings, and
that said undue influence was then exercised by her, and
that in order to induce her father to yield more readily
to her suggestion and request she said to him in effect
that, if he would make her the sole beneficiary in the
two policies, she would keep the premiums and assess-
ments paid up and would pay his debts out of the money
she received thereon, and divide what was left equally
between all of the children and herself, and that, yield-
ing to such undue influence and promise and in con-
sideration of said promise, said change was made as
sought by said defendant."

It is very evident to us that the chancellor was per-
suaded for the second time to believe, and he so decreed,
that the change of the beneficiary in these insurance pol-
icies was brought about by undue influence, and that
such undue influence, which is tantamount to corruption

and fraud, connected inseparably with the other allega-
tion of the amended bill (that is, that the appellant
promised to pay the debts and divide the money to be
obtained from the insurance policies with appellees),
moved the chancellor in his finding on the second hear-
ing. This being true, we are bound to conclude that the
chancellor did not follow "the law of the case," because
this court had said on the former appeal that there was
no mental incapacity, undue influence, corruption, or
fraud; and the appellees in their amended bill present
these same questions of mental incapacity, undue influ-
ence, fraud, and corruption, in connection with the new
allegation, the two being inseparable, leaning upon each
other for strength, and upon this proposition insisted
that there was a parol trust in favor of the appellees.
And following the allegations of the amended bill, the
chancellor decreed in effect that it was a parol trust by
reason of mental incapacity, undue influence, corrup-
tion, and fraud, with the incidental promise of appellant
to divide the insurance money with appellees. There-
fore we hold that under "the law of the case" the de-
cree of the chancellor is erroneous.

Furthermore we do not think from the whole testi-
mony in this case that the proof is sufficient to lawfully
divert the insurance money from appellant, the benefi-
ciary written in the face of the policies, to the appellees.
The testimony in the record does not clearly show that
there was a parol trust established in favor of the ap-
pellees by fraud, or by agreement with appellant. The
competent evidence in the case overwhelmingly refutes
this idea; the proof sustaining the contention is so
slight that we feel it would be unsafe to rely upon it as
establishing a parol trust. And the correctness of this
conclusion becomes more apparent to us when we con-
sider the fact that the appellees, their attorneys, and
the chancellor, throughout the records in both cases,
have clung tenaciously to the charge of undue influence,
mental incapacity, fraud, and corruption in connection

with the alleged promise of appellant, depending upon this former charge to support them in the latter; and, neither being able to stand alone, both must fall here under "the law of the case." The case is reversed, and decree for appellant entered here.

Reversed, and decree here.

*Reversed.*