ROBERTSON, Justice:
This is the second appearance of Phillips Petroleum Company v. J. E. Stack and wife, Frances Margaret Stack, and A. F. Chisholm in this Court. The cause of action was the same, the defenses were the same, and the parties litigant were the same on its first appearance as No. 45,501 on the docket of this Court, 231 So.2d 475.
All parties litigant, both in the trial court and on its first appearance here, admitted that the controlling principle and the primary issue was whether a farmout letter dated December 10, 1959, executed by Phillips and J. E. Stack, Jr., was merged into and superseded by an assignment of oil and gas leases dated December 11, 1959, which assignment was also executed by both Phillips and Stack, or whether both instruments together constituted the contract between the parties. Phillips brought suit for specific performance of a provision of the farmout letter providing that Stack would convey to Phillips an overriding royalty interest in the oil and gas acquired through extension and renewal leases taken by Stack, as those terms were specifically defined in the farmout letter. J. E. Stack and wife, Frances Margaret Stack, filed a lengthy answer in which they incorporated a general demurrer and affirmative defenses of equitable estoppel and laches.
A. F. Chisholm, represented by the same attorneys as Stack and wife, filed a one- *547 page Answer, sworn to personally by A. F. Chisholm that “the matters and things contained” therein “are true and correct as therein stated,” which Answer recited:
“This defendant fully adopts as his own the Separate General Demurrer, Answer to Bill of Complaint, Answer to Amendment to Bill of Complaint, and affirmative defenses filed in this cause by J. E. Stack and his wife, Frances Margaret Stack.”
Issue was thus joined on whether the farmout letter was merged into the assignment of oil and gas leases or whether the two instruments together constituted the contract between the parties, and whether the affirmative defenses of estoppel and laches would apply and bar the action.
The case was tried for 3J4 weeks and resulted in a 13-volume record consisting of 2,326 pages.
The opinion of this Court settling all the controlling principles was handed down on December 22, 1969, and appears in Miss., 231 So.2d 475. We pointedly stated on the first page that the Chancery Court of Clarke County decided this case: “After both sides had rested, * * * ”
We intended by that language to conclusively show that all parties litigant had had due process, their day in court, full opportunity to present evidence on any and all issues, and that all parties litigant after a 3i/£ week trial, for reasons best known to them, freely, voluntarily and knowingly finally rested their case.
We stated in our opinion:
“Mrs. Stack and A. F. Chisholm had actual notice of the farm-out letter of December 10, 1959, so the decision of this lawsuit will affect and determine their interests.” 231 So.2d at 480.
We decided the primary and controlling issue with this language:
“We think the intent of the parties, as demonstrated by their actions, was that the farm-out letter of December 10, 1959, and the assignment of December 11, 1959, together constituted the contract and agreement between the parties. The farm-out letter was not merged into nor superseded by the assignment.” 231 So.2d at 481.
J. E. Stack, Frances Margaret Stack and A. F. Chisholm took us to task in a petition for rehearing for specifically finding that A. F. Chisholm had actual notice of the farmout letter and that the decision would affect and determine his interests. That petition for rehearing was denied on February 23, 1970.
On February 24, 1970, all of the defendants, namely, J. E. Stack, Frances Margaret Stack, and A. F. Chisholm, again drew a bead on us in a Motion to Correct Judgment for ruling that A. F. Chisholm had actual notice of the farmout letter and that “the decision of this lawsuit will affect and determine [his] interests.” That Motion to Correct Judgment was overruled on March 16, 1970. Chisholm had his three strikes and he struck out; he should not be “at bat” again on this particular issue in this ball game.
We ended our rather lengthy opinion with these words:
“The judgment dismissing the amended bill of complaint is reversed and this cause remanded for further proceedings not inconsistent with this opinion.” 231 So.2d at 482.
On remand, the Chancellor sustained the “Motion to Amend Separate Answer and Affirmative Defenses of J. E. Stack, Jr., Frances Margearet Stack, and A. F. Chisholm.’ In their amendment, the defendants alleged that A. F. Chisholm was an “independent third party purchaser,” and, therefore, “the equitable owner of a one-half interest in the new leases taken in the name of J. E. Stack or J. E. Stack, Jr., as set forth in exhibits to the original and amended bills of complaint, prior to the formal assignment of record title to a one-half interest *548 in said leases to defendant. A. F. Chisholm.” This amendment posed the same question that this Court had already answered three times. The Chancellor was in error in sustaining the Motion to Amend. Chisholm’s quarrel, if any he has, is with J. E. Stack, his assignor.
The Chancellor also sustained a “Motion to Reopen Cause, Take Further Evidence and Grant Trial De Novo.” He was in error in sustaining this motion.
We reverse the order of the Chancellor sustaining both of these motions, and remand this cause with directions to the Chancellor to order the specific performance of the contract and agreement of the parties as contained in the farmout letter of December 10, 1959, and the assignment of oil and gas leases of December 11, 1959. The Chancellor should determine which leases are extension and renewal leases, as those terms are defined in the farmout letter of December 10, 1959, from the 13-volume record heretofore made.
Reversed and remanded with directions.
RODGERS, BRADY, INZER and SMITH, JJ., concur.