404 So.2d 1013 (1981)
Mrs. Tobie BRANTLEY
v.
M.F. SURLES, Superintendent of Education, Montgomery County, Elmo Branch; Thomas Woods; Richard Morman; E.C. Henson, M.D.; J.W. Card, Members of the Board, Montgomery County Board of Education, Montgomery County, Mississippi.
No. 52614.
Supreme Court of Mississippi.
May 27, 1981.
Rehearing Denied November 4, 1981.
*1014 Charles L. Lewis, Jr., Deramus, Lewis & Tucker, Louisville, for appellant.
John L. Low, IV, Watkins & Eager, Jackson, for appellees.
Before ROBERTSON, P.J., and SUGG and HAWKINS, JJ.
HAWKINS, Justice, for the Court:
Mrs. Tobie Brantley has perfected this appeal from a decree of the Chancery Court of Montgomery County sustaining a demurrer to her bill of complaint or petition against the Superintendent of Education and Board of Education of Montgomery County for reinstatement to her position as manager of the Kilmichael Elementary School cafeteria, from which she was discharged in September, 1976, as well as other relief. This is the second time this case has been before this Court. We affirm.
In 1976, and for several years prior thereto the appellant Mrs. Brantley was employed by the Montgomery County School District as manager of the Kilmichael Elementary School cafeteria.
The minutes of the Montgomery County Board of Education of August 2, 1976, reflect a meeting held, with her present, concerning her son attending a private school while she was employed in the Kilmichael Elementary School, and a decision made to dismiss her for this reason.
By letter of August 26, 1976, from the County Superintendent of Education M.F. Surles, she was informed the board would meet September 13, 1976, to discuss her case. (The letter states the meeting will be held July 13, 1976, but this obviously meant September 13, 1976, the date the meeting was actually held). On September 13, 1976, the board met with Mrs. Brantley again attending, and on September 14, 1976, the county superintendent again wrote her, informing her the board had reluctantly made its decision regarding her employment, and indicating no cause other than her son's attending a private school. Again, on September 20, 1976, the county superintendent wrote her reiterating what had transpired, and informing her the termination date of her employment was September 17, 1976.
Pursuant to her request a hearing was conducted by the board on November 1, 1976, in which testimony was taken and transcribed pertaining to the reasons for her discharge, as well as her job performance. At the conclusion of the hearing, the board made the following findings of fact:
"FINDING OF FACT
"That Mrs. Tobie Brantley had been lunchroom supervisor of the Kilmichael Elementary School cafeteria for a period of at least four years. That she is not a person protected by the provisions of the Public School Fair Dismissal Act-Section 37-9-101, et seq. of the Mississippi Code of 1972.
"That the Superintendent of Education has the right to discharge an employee such as Mrs. Tobie Brantley for any reason not prohibited by law, and not for the sole reason that her child attends another school system.
"The evidence revealed to the Board that many complaints were received by Mr. Surles, Superintendent of Education, *1015 concerning the atmosphere, friendliness and general welcome of students and staff in the cafeteria. The evidence further reveals that the portions were smaller than at other schools, and in the opinion of some observers, the food was not prepared in a palatable manner. It was further shown that Mrs. Brantley had called one of the Board members, J.W. Card, a liar. The son-in-law of Mrs. Brantley criticized the school system over its racial makeup. The Board further finds that the attitude of Mrs. Brantley in an integrated school system which is approximately 65% Black, and which system is under a Federal Court order and control, jeopardizes the harmony and peaceful relations in the system.
"The Board further finds that Mrs. Brantley had removed one of her children from the Montgomery County School System and enrolled the child in a private segregated academy.
"The Board further finds that Mrs. Brantley has no protected right to continued employment, has no tenure, and is not entitled to continued employment indefinitely. The Superintendent of Education has the right to discharge an employee such as Mrs. Brantley for no reason. A mere public employee is not entitled to a hold on employment simply as a result of long term service in the system.
"It is clear to the Board that Mrs. Brantley has not been discharged for the single reason that an eligible child does not attend the school system in which she is employed in violation of Section 37-9-59, Mississippi Code of 1972."
The Board thereupon entered an order finally discharging Mrs. Brantley. She filed a bill of complaint or petition in the Chancery Court of Montgomery County on December 3, 1976, against the county superintendent and county board of education, petitioning therein for her reinstatement and back pay to date of reinstatement as manager of the cafeteria. Along with their answer, the board and superintendent filed a demurrer and motion to dismiss, alleging the chancery court had no original jurisdiction because Mrs. Brantley's sole remedy by way of appeal was to the State Board of Education pursuant to Section 37-9-59 of the Mississippi Code of 1972.
The chancery court overruled the demurrer and motion to dismiss, holding the court had jurisdiction under the bill of complaint alleging Mrs. Brantley was deprived of a "valuable right," which was a "property right under her contract." The court further found Mrs. Brantley was entitled to the protection afforded professional personnel as required by Miss. Code Ann. § 37-9-101 through § 37-9-113 (Supp. 1975), the Public School Fair Dismissal Act of 1974, Laws 1974, Chap. 577, § 1, et sequitur [repealed 1/9/77 by Miss. Code Ann. § 37-9-101 through § 37-9-113 (Supp. 1977)], and that Mrs. Brantley did not have to perfect an appeal to the State Board of Education, but could appeal directly to the chancery court.
The chancellor then reviewed the record made of the hearing before the Montgomery County Board of Education on November 1, 1976, and ruled there was no substantial evidence supporting any other reason for her discharge than her son's attending a private school. The court thereupon rendered an opinion and a decree for reinstatement of Mrs. Brantley.
The final decree of the chancery court was rendered September 8, 1977, and an appeal was perfected to this Court by the county superintendent and county board of education, in "M.F. Surles, Superintendent of Education, et al., v. Mrs. Tobie Brantley," Number 50,681. On October 11, 1978, in an unpublished opinion, 363 So.2d 94, we reversed and rendered the decree of the chancery court, holding therein the original demurrer of the appellants should have been sustained in that Mrs. Brantley was not an "employee" as defined under Miss. Code Ann. § 37-9-101 through § 37-9-113 (Supp. 1975), the Public School Fair Dismissal Act of 1974, Laws 1974, Chap. 577, § 1, et sequitur [repealed 1/9/77 by Miss. Code Ann. § 37-9-101 through § 37-9-113 (Supp. 1977)], and had no right of direct appeal to the chancery court of Montgomery County, *1016 and further that she had no "property right" in her job. The decree of the chancery court was thereupon reversed, and the November 1, 1976, order of the Montgomery County Board of Education reinstated.
On May 8, 1979, Mrs. Brantley again filed a petition in the Chancery Court of Montgomery County against the same officials, in cause number 65-05-79, entitled "Petition for Review, Reinstatement, Back Pay, Damages, Injunctions and Other Relief." In this petition she alleged the same facts as in the initial petition filed in 1976. General and special demurrers were filed by the defendants, assigning (1) the cause of action was barred by § 15-1-29 of the Code of 1972; (2) the cause of action was merged into the judgment rendered by this Court in Cause No. 50,681, and (3) the Chancery Court of Montgomery County was without jurisdiction to hear the cause. The demurrer was sustained on all three grounds by the chancellor, and from a decree dated March 21, 1980, finally dismissing the petition with prejudice, this appeal was perfected by Mrs. Brantley.
While it is our opinion the right result was reached in our prior decision, we do feel obligated to address the legal questions posed by the provisions of Miss. Code Ann. § 37-9-59 (Supp. 1974), Laws 1974, Chap. 459, and Miss. Code Ann. § 37-9-1.
Miss. Code Ann. § 37-9-59 (Supp. 1974), (Laws of 1974, Chap. 459) is a statute setting forth grounds for which a superintendent, principal or teacher of a school may be discharged, the procedure therefor, and appeals which may be taken therefrom.[1]
The final paragraph of this statute reads as follows:
"The governing authorities of every school district in this state are hereby prohibited from denying employment or *1017 reemployment to any person as a superintendent, principal or teacher, as defined in Section 37-19-1, or as a noninstructional personnel, as defined in Section 37-19-1, for the single reason that any eligible child of such person does not attend the school system in which such superintendent, principal, teacher, or noninstructional personnel is employed."
Mississippi Code Annotated § 37-9-1 (1972) gives the following definition of school personnel:
"For the purposes of this chapter the terms `superintendent,' `principal' and `teacher' shall have such meaning as are ascribed to them under the provisions of Section 37-19-1. The term `noninstructional personnel' shall include all employees of school districts other than superintendents, principals, teachers, and school bus drivers."
Another statute, Miss. Code Ann. § 37-9-101 through § 37-9-113 (Supp. 1975), the Public School Fair Dismissal Act of 1974, Laws 1974, Chap. 577, § 1, et sequitur [repealed 1/9/77 by Miss. Code Ann. § 37-9-101 through § 37-9-113 (Supp. 1977)], entitled "Public School Fair Dismissal Act," was the vehicle by which Mrs. Brantley sought her appeal directly to the Chancery Court of Montgomery County in 1976, and we held in our previous opinion Mrs. Brantley was not in the category of school personnel covered under that act, and that she was not "professional personnel" granted the right of direct appeal to the chancery court under the Fair Dismissal Act.
The appellant charges that, aside from the Fair Dismissal Act, the school board clearly violated Chapter 459 of the Laws of 1974, (§ 37-9-59), for the sole reason her son attended a private school.
To answer this contention, ably and strenuously urged by counsel for appellant, we have again reviewed the original record in cause number 50,681.
Even though appellant was a public employee, the only right she had pertaining to continued employment was the restricted right granted her under Chapter 459 Laws of 1974. As we stated in our former opinion, she had no property right in the job, and aside from this particular provision of the act pertaining to having a child in attendance at a private school, and absent a contract specifying otherwise, the governing authorities clearly had the right to terminate her at will, just as she had the right to quit any time she chose. 78 C.J.S., Schools and School Districts, § 152, page 964 states:
"General rules apply with respect to the termination of employment of school employees. The power of a school district or other school organization to hire employees carries with it the power to remove such appointees or employees at pleasure, unless the employment is for a specified period not yet expired, or the power of removal is restricted by statute."
As to employees generally, see Masonite v. Handshoe, 208 Miss. 166, 44 So.2d 41 (1950); Montgomery Ward & Co. v. Skinner, 200 Miss. 44, 25 So.2d 572 (1946); Rape v. Mobile & Ohio R.R., 136 Miss. 38, 100 So. 585 (1924).
Since the appellant sought the protection of § 37-9-59 in appealing from the decision of the Board discharging her, it was incumbent upon her to follow the procedure provided under this act, namely: to appeal such decision first to the State Board of Education, and if unsuccessful before the State Board to thereafter perfect an appeal to the chancery court. This she failed to do choosing instead to attempt an appeal directly to the chancery court under the provisions of another, separate act, the Public School Fair Dismissal Act of 1974, Laws 1974, Chap. 577, (§ 37-9-101 et seq.) Chapter 577, Laws 1974 was inapplicable to appellant, and therefore the chancery court, procedurally, was without jurisdiction to hear her case in 1976, as we have heretofore stated.
Moreover, we find there was substantial evidence supporting the findings of fact of the Montgomery County Board of Education of November 1, 1976. There is no need to relate the evidence. While the previous minutes of the Board and correspondence *1018 indicate no other problem with Mrs. Brantley than her son's attending a private school, and there was considerable testimony her job performance was satisfactory, nevertheless a conflict of testimony was presented to the Board, and clearly the Board was entitled to accept the sworn testimony at that hearing of the County Superintendent of Education, who still holds that office in Montgomery County. To have violated the act, it was necessary to show that the "single reason" appellant was discharged was her son's attendance at the private school. The Board at that hearing found other reason for her discharge, and there was substantial evidence to support such finding.
In appellate review, courts are under an obligation to respect the findings of fact of administrative bodies, and must do so when supported by substantial evidence. Board of Supervisors of Clay County v. McCormick, 207 Miss. 216, 42 So.2d 177 (1949); Mississippi State Tax Commission v. Mississippi-Alabama State Fair, 222 So.2d 664 (Miss. 1969); Loftin v. George County Board of Education, 183 So.2d 621 (Miss. 1966); Cobb Bros. Const. Co. v. Gulf M. & O.R. Co., 213 Miss. 706, 57 So.2d 570 (1952); County Board of Education of Alcorn County v. Parents and Custodians of Students at Rienzi School Attendance Center, 251 Miss. 195, 168 So.2d 814 (1964). This rule has strong application to school boards in the management and administration of school systems in our state.
We find, therefore, the chancery court in 1976 was initially without jurisdiction because an appeal had not first been sought to the State Board of Education, and appellant had not exhausted her administrative remedies; and also, there being substantial evidence to support the findings of fact of the Board, even if a direct appeal to the chancery court had been proper, the chancery court was bound by such factual findings.
The chancellor was correct in sustaining the demurrer to the petition filed in 1979, from which this appeal was taken, upon all three grounds, our former opinion being the law of this case when the mandate and judgment was rendered in this Court thereon. Cochran v. Latimer, 111 Miss. 192, 71 So. 316 (1916); Phillips Petroleum Co. v. Stack, 246 So.2d 546 (Miss. 1971).
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE and BOWLING, JJ., concur.
BROOM, J., took no part.
NOTES
[1] The full text of Chapter 459, Laws of 1974 reads as follows:

"CHAPTER 459
"SENATE BILL NO. 1751
"AN ACT to amend Section 37-9-59, Mississippi Code of 1972, to provide that no person shall be denied employment or reemployment as a superintendent, principal, teacher or noninstructional personnel in the public schools solely because any child of such person does not attend the school system in which such person is employed.
"Be it enacted by the Legislature of the State of Mississippi:
"Section 1. Section 37-9-59, Mississippi Code of 1972, is amended as follows:
"37-9-59. For incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a pupil or other good cause the county superintendent of education or superintendent of the municipal separate school district, as the case may be, may remove or suspend any superintendent, principal or teacher in any school district. Before being so removed or suspended the superintendent, principal or teacher shall be notified of the charges against him and he shall be advised that he is entitled to a public hearing upon said charges at a date to be fixed in such notice. The notice shall be in writing and shall be given at least ten (10) days before the date fixed therein for the hearing. For the purpose of conducting such hearings the county superintendent of education or the superintendent of the municipal separate school district shall have the same power as a justice of the peace to issue subpoenas for witnesses and to compel their attendance and the giving of evidence by them. From the decision made at said hearing the superintendent, principal or teacher and those persons opposed to such principal, superintendent or teacher shall be allowed an appeal to the State Board of Education and for the purpose of such appeal either oral or written statements, under oath, of the facts may be made by the county superintendent of education or the municipal separate school district superintendent and the other interested parties. Any party aggrieved by the said ruling of the State Board of Education may effect an appeal therefrom to the chancery court in the same manner as appeals from the State Education Finance Commission. When a superintendent, principal or teacher is removed as provided in this section the county superintendent or the municipal separate school district superintendent shall notify the board of trustees of the school district involved and a superintendent, principal or teacher shall be selected to fill such vacancy in the manner otherwise provided in this chapter.
"The governing authorities of every school district in this state are hereby prohibited from denying employment or reemployment to any person as a superintendent, principal or teacher, as defined in Section 37-19-1, or as a noninstructional personnel, as defined in Section 37-9-1, for the single reason that any eligible child of such person does not attend the school system in which such superintendent, principal, teacher, or noninstructional personnel is employed.
"Section 2. This act shall take effect and be in force from and after its passage."