481 So.2d 816 (1985)
NOXUBEE COUNTY BOARD OF EDUCATION
v.
Mildred GIVENS.
No. 55925.
Supreme Court of Mississippi.
December 11, 1985.
Dorothy Winston-Colom, Colom & Colom, Columbus, for appellant.
Patricia A. Hancock, Jackson, for appellee.
Before PATTERSON, C.J., and PRATHER and ROBERTSON, JJ.
*817 ROBERTSON, Justice, for the Court:

I.
This case arises out of an administrative snafu in a local school district. A longtime teacher found herself transferred to a new school at the beginning of the 1983-1984 school year and without direct instructions by anyone in authority regarding her duties for three weeks thereafter. When she consulted her contract and returned to the school therein designated, the teacher was discharged by the county superintendent of education for insubordination and that determination has been upheld by the county board of education.
The record before us suggests that the greater part of the fault lies with the school administration. Its failure to provide express instructions to the teacher negates any inference of insubordination or neglect of duty. The school board's determination that the teacher should be fired is not supported by substantial evidence and is arbitrary and capricious. We affirm the chancery court's decision ordering reinstatement.

II.

A.
Mildred Givens taught at the Noxubee Elementary School for nine years. The 1983-1984 school year would have been her tenth year in the Noxubee County School System. For that year Givens had received and executed a contract with the Noxubee County Board of Education which provided that she would be employed as a math teacher at the same school, Noxubee Elementary.
On August 19, 1983, Reecy L. Dickson, Superintendent of Education for Noxubee County, directed that Givens be transferred to the Wilson Center in Brooksville and on that day gave written notice of this transfer to Virgil Jones, Jr., Principal at the Wilson Attendance Center. On August 24, 1983, Superintendent Dickson furnished a written notice to Principal Jones advising him of four personnel reassignments, the transfer of Givens to the Wilson Attendance Center and the transfer of three other teachers away from that Center to other schools.
Givens reported to Principal Jones at the Wilson School but was told that he was not expecting her. She was sent to a Mrs. Gibson (apparently a guidance counselor) for an assignment. Gibson told Givens that the teaching schedule had been finished during the summer and that the school administration had "not gotten anything worked out" for Givens to do. Givens stayed at the Wilson School from August 23 until September 15 without being assigned any duties by Principal Jones or by any other person in authority. She volunteered and helped other teachers in their classes.
By September 15, 1983, Givens was in a state of considerable confusion regarding her job. She got out her contract and reviewed it and saw that it provided that she should be at the Noxubee Elementary School. That day she reported to Jones that her contract provided that she should be at Noxubee Elementary and that she felt that she should return to that school. Jones did not try to talk her out of her decision nor did he advise her that if she did so she would be breaching her contract in any way.
The next day Givens reported to B.F. Liddell, Principal of Noxubee Elementary School, and asked if she could sign in because she "wasn't doing anything" where she was. Principal Liddell acquiesced. Still, Givens was assigned no duties. She apparently sat in the office at Noxubee Elementary for several days without incident or disturbance.
Several days later, Givens sought a brief leave of absence to attend a funeral. She contacted Superintendent Dickson and inquired to whom she should report for this anticipated absence. She was told that she should be at the Wilson Center and that such matters should be taken up with Principal Jones. Givens returned to the Wilson School the following day. That afternoon she received a letter from Superintendent *818 Dickson advising her that she had been fired.

B.
Givens protested her termination and sought a hearing before the Noxubee County School Board. On November 14, 1983, a hearing was held by a hearing officer designated by the Board. Thereafter, on December 8, 1983, the Noxubee County Board of Education determined that the decision of Superintendent Dickson should not be disturbed. Givens was immediately notified in writing that she was discharged effective that date.
On December 30, 1983, Givens perfected her appeal to the Chancery Court of Noxubee County, Mississippi. Miss. Code Ann. § 37-9-113(2) (Supp. 1985).[1] On June 5, 1984, after the matter had been fully briefed by all parties, the chancery court, sitting as a court of appeals, reversed the decision of the board of education and ordered Givens reinstated. In route the chancery court stated:
Mrs. Givens was certainly in error in leaving Wilson Attendance Center after she had been transferred there by the Superintendent. It is obvious from the testimony at the hearing that Mrs. Givens became confused as to where she was assigned to teach due to her contract calling for Noxubee Elementary School. Neither Mr. Liddell nor Mr. Jones, the two Principals involved, ordered her not to take the action that she did. The Superintendent did not personally talk to Mrs. Givens about her behavior except when Mrs. Givens talked to her about what principal she should report to about attending a funeral. After Mrs. Dickson informed her that Mr. Jones was the proper Principal, she reported to Wilson Attendance Center.
The court finds from the evidence produced at the hearing that Mrs. Givens did not intentionally refuse to obey the order of the Superintendent. The court further finds that Mrs. Givens' return to Noxubee Elementary School was not a constant or continuing refusal to obey an order of the Superintendent. She did return to Wilson Attendance Center when Mrs. Dickson verbally told her where she should be. The court holds that the actions of the school board in discharging Mrs. Givens were not supported by any substantial evidence and were therefore arbitrary and capricious. The action of the school board in discharging Mrs. Givens is overruled, and her contract is reinstated... .
The board of education has appealed to this Court asking that the chancery court's decision be reversed and that the board's decision be reinstated.

III.
Miss. Code Ann. § 37-9-113 (Supp. 1985) establishes the procedure for an appeal from a final decision of a school board.
Appeals.
(1) Any employee aggrieved by a final decision of the school board is entitled to judicial review thereof, as hereinafter provided.
(2) An appeal may be taken by such employee to the chancery court of the judicial district in which the school district is located, by filing a petition with the clerk of that court and executing and filing bond payable to the school board with sufficient sureties, and the penalty of not less than Two Hundred Dollars ($200.00), conditioned upon the payment of all the costs of appeal, within twenty (20) days of the receipt of the final decision of the board.
(3) The scope of review of the chancery court in such cases shall be limited to a review of the record made before the school board or hearing officer to determine if the action of the school board is unlawful for the reason that it was: (a) not supported by any substantial evidence; (b) arbitrary or capricious; ...
* * * * * *

*819 (5) Any party aggrieved by actions of the chancery court may appeal to the Supreme Court in the matter provided by law.
Miss. Code Ann. § 37-9-113 (Supp. 1985).
The school board is the administrative agency charged by statute with making the ultimate employment decision in all teacher dismissal and nonrenewal cases. See Mississippi Employment Security Commission v. Philadelphia Municipal Separate School District, 437 So.2d 388, 392 n. 3 (Miss. 1983). The chancery court, sitting as an appeals court, is limited to testing the decision of the administrative board by the provisions of § 37-9-113 (Supp. 1985). Sims v. Board of Trustees, Holly Springs, etc., 414 So.2d 431, 435 (Miss. 1982); Brantley v. Suhles, 404 So.2d 1013, 1018 (Miss. 1981); Board of Trustees of Pass Christian Municipal Separate School District v. Acker, 326 So.2d 799, 801 (Miss. 1976). If there be substantial credible evidence undergirding the school board's findings of fact, those findings may not be disturbed on appeal either by the chancery court or this Court. Hattiesburg Municipal Separate School District v. Gates, 461 So.2d 730, 738 (Miss. 1985).
All of this is consistent with this Court's wise policy of according great weight and deference to the prerogatives of school administrators when their discharge of their responsibilities is challenged. See Clinton Municipal Separate School District v. Byrd, 477 So.2d 237, 240-42 (Miss. 1985). Notwithstanding, school boards no less than others are subject to the rule of law the ultimate guardian of which in this state is this Court.
At the heart of this appeal is the school board's contention that there was substantial evidence that Givens was guilty of insubordination and accordingly subject to dismissal. To be sure, "insubordination" is a ground or dismissal of a public school teacher in this state, Miss. Code Ann. § 37-9-59 (Supp. 1985), and has been defined in Sims v. Board of Trustees of Holly Springs Municipal Separate School District, 414 So.2d 431 (Miss. 1982) as:
A constant or continuing intentional refusal to obey a direct or implied order, reasonable in nature, and given by and with proper authority.
414 So.2d at 435.
When this definition is kept well in mind, it is apparent on these facts that the chancery court was correct. Givens' insubordination, if any, was not "constant or continuing". In view of Givens' state of confusion, substantially induced by the administrative ineffectiveness of the school district, any refusal on her part to obey an order can hardly be labeled insubordination.
The school board also contends that Givens was guilty of neglect of duty. Miss. Code Ann. § 37-9-59 (Supp. 1985). This claims fails because there is no evidence in the record that Givens was ever assigned any specific duty. Put another way, a teacher may not be discharged for neglect of duties he or she has not been assigned. Givens' contract required that she report to the Noxubee Elementary School. She was advised, however, that she was transferred to the Wilson Center at Brooksville and she complied and reported to that school. For some three weeks, however, she was never given anything to do. She returned for several days to Noxubee Elementary where again she sat around and was assigned no duties. Where school authorities have been this vague in the assignment of duties to a teacher, the discharge of a teacher on grounds of neglect is necessarily arbitrary and capricious.
The chancery court fully understood that it was not hearing the case de novo. It respected the limitations upon its scope of review found in Section 37-9-113(3). While we frequently give great deference to the decisions of school administrators in matters such as this, they do not have carte blanche authority to do as they please. *820 Where, as here, a school board has acted in a manner which is arbitrary and capricious and where its actions are not supported by substantial evidence, the chancery court and ultimately this Court have the responsibility to intervene. Madison County Board of Education v. Miles, 252 Miss. 711, 173 So.2d 425 (1965).
In this context a point about the evidence in this case needs to be made clear. The School Board had before it testimony of Superintendent Dickson which, if uncontradicted and if accepted by the School Board, arguably would support Givens' termination. That testimony, however, on all relevant points, was pure hearsay. To be sure, formal rules of evidence do not apply at school board hearings and there is no prohibition upon the school board receiving hearsay testimony. Miss. Code Ann. § 37-9-111(5) (Supp. 1985). On the other hand, the controlling fact in this record is that individuals on the scene at the Wilson Attendance Center and at the Noxubee Elementary School, including the principals of the two schools, gave direct non-hearsay testimony. We find in the testimony of these eyewitnesses no corroboration of the hearsay testimony of Superintendent Dickson on the points that might arguably be said to justify termination. For this reason, we do not regard the testimony of Superintendent Dickson as substantial evidence within the meaning of Section 37-9-113(3)(a). Put another way, the presence of this uncorroborated hearsay evidence on this record is not sufficient to avoid the determination that the School Board's ruling was arbitrary or capricious within the meaning of Section 37-9-113(3)(b). See also, Miss. Code Ann. § 37-9-111(5) (Supp. 1985).
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] Miss. Code Ann. § 37-9-113(2) applies to appeals from termination of a teacher's contract as well as nonrenewal. See Miss. Code Ann. § 37-9-59 (Supp. 1985).