IN THE SUPREME COURT OF MISSISSIPPI
NO. 97-CA-00663-SCT

*VELMA R. BUTLER, W. C. BUTLER, WILLIAM C.
BUTLER, JR. AND LAVERNE S. BUTLER*

*v.*

*CITY OF EUPORA, C. P. FORTNER, JR., BENNY
NEAL, J. R. McKIBBEN AND DONALD BRIGHT*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/24/97 |
| TRIAL JUDGE: | HON. W. E. BEARDEN, JR. |
| COURT FROM WHICH APPEALED: | WEBSTER COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | JAN R. BUTLER |
| ATTORNEY FOR APPELLEES: | DEWITT T. HICKS, JR. |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 08/13/98 |
| MOTION FOR REHEARING FILED: | 8/28/98 |
| MANDATE ISSUED: | 10/29/98 |

**BEFORE SULLIVAN, P.J., McRAE AND SMITH, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. This is an appeal from a March 24, 1997 decision of the Chancery Court of Webster County which denied Velma and W.C. Butler, William C. Butler Jr., and Lavern Butler's request for an injunction to prohibit the City of Eupora from using a water line placed upon their property, to remove the water line and to take such acts as necessary to acquire easement with due compensation to the Butlers. They now assert that the chancellor erred in applying the after-acquired title doctrine to deny them compensation, in denying them damages for slander of title, in not finding the City liable for denying them due process of law, and in not issuing an injunction against the City of Eupora to require it to remove the pipeline or seek an easement by eminent domain. Finding no merit in the arguments raised by the Butlers, we affirm the decision of the court below.

I.

¶2. The Mississippi Department of Transportation (MDOT) contracted to build a bypass around the City of Eupora in conjunction with a four-lane construction project on U.S. Highway 82. The construction required that water lines owned by the City be relocated. MDOT subsequently required, pursuant to its authority, that the City relocate its water feeder lines in the new Highway 82 right-of-

way.

¶3. On September 17, 1993, the City requested a permit from MDOT for the water lines to be relocated and placed in the new right-of-way as directed by MDOT. It was issued on October 1, 1993. MDOT designated the exact location of the water line, and it was installed at the precise location required by MDOT.

¶4. Velma Butler, W.C. Butler, and William C. Butler, Jr. were all vested with good title to their property at the time of the relocation of the water lines. The eminent domain court file showed that condemnation proceedings were commenced by MDOT against Velma and W.C. Butler in 1992. The decision in the condemnation and the conveyance of warranty deed from William C. Butler and Laverne Butler established the right of way in MDOT. The chancellor below determined that the August 30, 1995, order of the special court of eminent domain operated to make the order of December 22, 1992 void ab initio and operated to grant MDOT the right to immediate title and possession and right of entry upon the lands. The Butlers were compensated for the right-of-way taken by the MDOT.

¶5. Work by the City on the relocation of the water lines began on January 31, 1994, with the installation of the water lines crossing the Butlers' property completed in about two hours. The Butlers did not tell the City that they believed that MDOT had no valid right-of-way.

¶6. On January 24, 1995, the Butlers sought an injunction against the City of Eupora, along with damages for trespass, slander of title, and punitive damages. The chancellor determined that at the time of the installation, the MDOT had not yet acquired title to the property. However, the MDOT now had valid title to the right-of-way and the October 1, 1993 permit previously given the City was validated by the after-acquired title doctrine. He further found that the City had a right to use its waterline in the MDOT right-of-way and that the Butlers were not entitled to additional compensation or other damages or injunctive relief against the City. He therefore dismissed the suit with prejudice.

II.

¶7. The Butlers first allege that neither the after-acquired title defense nor the defense of equitable estoppel were pleaded affirmatively as required by Miss. R. Civ. P. 8(c). They also argue that because the information concerning the Butlers' titles to land was public knowledge prior to and after the City of Eupora laid the pipeline, but the City failed to properly investigate these public records, that they are entitled to receive compensation for the City's taking of their private property. Further, the Butlers argue that they were not given notice of the issuance of the permit to the city.

¶8. This Court has recognized that equitable estoppel is an affirmative defense. *See **Board of Education of Lamar County v. Hudson***, 585 So. 2d 683, 684 (Miss. 1991); ***Phillips Petroleum Co. v. Stack***, 246 So. 2d 546, 546 (Miss. 1971). However, the Butlers have not cited, and we are wont to find, any precedent for their argument that a claim of right under the after-acquired title doctrine is a defense that must be pleaded affirmatively. Nonetheless, we have addressed the finding of equitable estoppel by a chancellor when the party benefitting from the finding never asserted such a defense. In ***Christian Methodist Episcopal Church v. S & S Construction Co.***, 615 So. 2d 568, 572 (Miss. 1993), this Court stated that "the purpose of a pleading 'is to give notice, not to state facts and

narrow the issues as was the purpose of pleadings in prior Mississippi practice.'" *See* [Comment to Miss. R. Civ. P. 8](#).

¶9. Mississippi recognizes the doctrine of after-acquired title in certain circumstances. Miss. Code Ann. § 89-1-39 (1991); ***Mills v. Damson Oil Corp.***, 437 So. 2d 1005 (Miss. 1983); ***Buchanan v. Stinson***, 335 So. 2d 912 (Miss. 1976). While "the after-acquired title doctrine is founded upon premises of equitable estoppel," ***Buchanan***, 335 So. 2d at 913, "it is also a well-established rule in Mississippi that the doctrine of equitable estoppel cannot be applied against the state or its counties where the acts of their officers were unauthorized." ***Oktibbeha County Board of Education v. Town of Sturgis***, 531 So. 2d 585, 589 (Miss. 1988). If a grantor having no title to land purports to convey it by a warranty deed, he will be estopped to show that at the time of the deed he had no title to convey. If he later acquires the title, his after-acquired title will pass to the grantee without further conveyance by way of estoppel. *See* William E. Burby, Handbook of the Law of Real Property § 128 (3d ed. 1965).

> Equitable estoppel precludes a party from denying a material fact which he has previously induced another to rely upon, whereby the second party changed his position in such a way that he would suffer injury if denial was allowed. Estoppel is based on "public policy, fair dealing, good faith and justice." Where it would be substantially unfair to allow a party to deny what he has previously induced another party to believe and take action on, equitable estoppel may be enforced. Subjective intent to mislead is unnecessary, so long as the acts of the party sought to be estopped, viewed objectively, were calculated to and did mislead the other party. The party asserting equitable estoppel must show that he has changed his position, to his detriment, in reliance upon the conduct of another. Where one of two innocent parties will suffer a loss from the default or fraud of a third party, the party in the best position to protect himself should bear the loss. The burden of proof is on the party pleading equitable estoppel.

***S & S Construction***, 615 So. 2d at 571 (citations ommitted). It is clear that in this case, the City of Eupora began to lay the water pipe (changed its position, detrimentally) in reliance on the permit from MDOT (an assurance that they had permission to do so). Just as we found that the complaint of S & S, which clearly put the Christian Methodist Episcopal Church on notice that S & S changed its position, detrimentally, in reliance on the assurance of the church that funds for completion of the construction project were in hand, ***Id.*** at 572, we also find that the City's pleadings, which state that MDOT had the right to grant a permit and that the City operated within its rights based on the MDOT's permit to locate the water line, were sufficient to put the Butlers on notice regarding equitable estoppel. Additionally, the Butlers were aware through interrogatory responses that the City relied wholly on its permit from MDOT. "That is all that our rules of civil procedure require." ***Id.*** Accordingly, we find that the chancellor was not erroneous in concluding that the doctrine of equitable estoppel (or after-acquired title) should be enforced.

¶10. Since the City reasonably was entitled to believe that the permit issued by MDOT was valid with regard to the right-of-way, and the Butlers have pointed to no authority requiring that they be notified of a granting of a permit after having conveyed their property to MDOT, there is no basis for a damages award which would repeat the proceeds they received from the condemnation proceeding and transfer of warranty deed. At the time of the laying of the water pipe, the City of Eupora believed that the permit it received to do the work was valid. The doctrine of after-acquired title applies, and

no damages may be awarded for trespass. III.

¶11. The Butlers further contend that since the City did not determine proper ownership of the property, it did not exercise due and proper regard for their property rights, and as such, the City should be liable for damages. The action for slander of title is "commonly employed to describe words or conduct which bring or tend to bring in question the right or title of another to particular property, as distinguished from the disparagement of the property itself." *Walley v. Hunt*, 212 Miss. 294, 304, 54 So. 2d 393, 396 (1951). "In order for the statement to form the basis of a right of action it must have been made, not only falsely but maliciously." *Welford v. Dickerson*, 524 So. 2d 331, 334 (Miss. 1988). This Court defined malice in relation to slander of title in *Phelps v. Clinkscales*, 247 So. 2d 819, 821 (Miss. 1971), stating:

> Malice exists in the mind and usually is not susceptible of direct proof. The law determines malice by external standards; a process of drawing inferences by applying common knowledge and human experience to a person's statements, acts, and the surrounding circumstances.

*See also* **Wise v. Scott**, 495 So. 2d 16, 20 (Miss. 1986).

¶12. Here the special chancellor found that there was no testimony that the City of Eupora acted maliciously. The Butlers claim that because the City did nothing to determine ownership of the property upon which they buried the water pipeline, their rightful title was slandered. Given the City's statement, acts, and the surrounding circumstances, however, it was reasonable for the City of Eupora to assume that the permit it received from MDOT was valid. There is no merit to this assignment of error.

IV.

¶13. The Butlers also argue that the City of Eupora failed to give them the opportunity to be heard before taking their property, and as a result, they were denied due process. The City argues that the Butlers saw the installation being made and cast no complaint, and accordingly, cannot now make a claim of violation of due process.

¶14. It is axiomatic that due process is guaranteed to Mississippians by the fourteenth amendment to the United States Constitution ("No State shall . . . deprive any person of life, liberty or property, without due process of law. . .") and art. 3, sec.14 of the Mississippi Constitution ("No person shall be deprived of life, liberty or property except by due process of law.").

¶15. The record reflects that condemnation proceedings were commenced against the Butlers in eminent domain court in 1992, thereby belying their claim that they were not given any opportunity to be heard regarding the "taking" of their property. As a result of the eminent domain proceeding and a subsequent conveyance of a warranty deed for money, the Butlers were compensated for their property. The record before this Court reflects that the Butlers were not deprived of any substantive right.

¶16. The Butlers do not elaborate on their due process claim. Rather, we are at a loss to determine whether they are making a substantive due process claim, a procedural due process claim, or both. Regardless, "[a] due process violation requires that the party be deprived of a protected property

interest." ***Mohundro v. Alcorn County***, 675 So. 2d 848, 852 (Miss. 1996). While it may be true that the Butlers had a property interest in their land pursuant to their original deeds of purchase or conveyance, this interest was lost during the condemnation proceeding and as a result of the conveyances made to MDOT. Accordingly, this assignment of error is without merit.

## V.

¶17. The Butlers finally contend that the chancellor should have granted the injunction they requested. It is clear from the record that the Butlers have already been paid by the MDOT based on earlier eminent domain proceedings and sale of land. Accordingly, there is no basis for them to recover more compensation for the land over which the MDOT has acquired a right-of-way and for which the MDOT has paid them. The City of Eupora reasonably acted pursuant to an MDOT permit. Further compensation to the Butlers would only amount to an unwarranted double recovery for the value of their land. There is no merit to this assignment of error.

## VI.

¶18. We find no merit to the assignments of error raised by the Butlers. The chancellor did not err in applying the doctrine of after-acquired title, the Butlers were not victims of slander of title nor were they deprived of due process. They were not entitled either to monetary or injunctive relief. We therefore affirm the judgment of the special chancellor.

¶19. **JUDGMENT IS AFFIRMED.**

**SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. PRATHER, C.J., NOT PARTICIPATING.**