**Howard AUSTIN, Plaintiff-Appellant,**

v.

**David MAXWELL, Individually and as Chairman of the Board of Public Instruction, Columbia County, et al., Defendants-Appellees.**

No. 71–3203.
Summary Calendar *

United States Court of Appeals,
Fifth Circuit.
March 20, 1972.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Horace E. Hill, Daytona Beach, Fla., for plaintiff-appellant.

Wallace Jopling, Lake City, Fla., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Howard Austin, a black high school mathematics teacher whose contract with the Columbia County, Florida school system was terminated because of his alleged insubordination, neglect of duty and other professional misconduct, appeals from a denial of relief under 42 U.S.C.A. § 1983. Before discharging him the school board afforded Austin a public hearing at which his attorney vigorously but unsuccessfully contested the validity of the charges. On the basis of the record of that proceeding and its own evidentiary hearing the District Court concluded that substantial evidence supported the board's position that Austin was fired for failing to perform his teaching duties satisfactorily and not, as he maintained, because he was a Negro or because he criticized his school's administration. His Federal civil rights complaint seeking reinstatement, back pay and money damages was accordingly dismissed. We affirm.

For the most part appellant's argument here is that the District Court's findings of fact regarding the motivation underlying the discharge are incorrect and that the evidence does not establish a constitutionally permissible ground for the school board's action. As sensitive as we are to the possibility that racial factors may be readily masked by neutral reasons, we are convinced that on the facts revealed by this record F.R.Civ.P. 52(a) forecloses review of those issues. Fluker v. Alabama State Board of Education, 5 Cir., 1971, 441 F.2d 201.

Although Austin also asserts that the hearing provided by the board was inadequate because he was not served with a copy of the charges in time to prepare a defense and because the board's attorney acted as an advisor on procedural matters, we conclude that the hearing was fundamentally fair and satisfied the minimal requirements of procedural due process. Thaw v. Board of Public Instruction of Dade County, 5 Cir., 1970, 432 F.2d 98; Ferguson v. Thomas, 5 Cir., 1970, 430 F.2d 852.

Affirmed.