I.
James Kenneth Hoffman appeals from his dismissal as an employee of East Mississippi Junior College[1] (EMJC). The Chancery Court of Kemper County, Mississippi, found that the Board's termination decision was supported by substantial evidence and affirmed. Hoffman now appeals to this Court. He denies that the evidence is adequate that he breached his contract. He denies the fundamental fairness of the process the Board afforded him.
We have carefully considered Hoffman's claims and, for the reasons set forth below, now affirm.
 II.
The record reflects that Hoffman, 54 years of age at the time of his hearing, began working for EMJC in 1971. Between 1974 and 1987, Hoffman served as Vocational Director on EMJC's Scooba campus. On June 26, 1987, the Board of Trustees offered Hoffman a one year contract as District Director for Vocational-Technical Education for the fiscal year beginning July 1, 1987. Hoffman accepted and shortly thereafter assumed his new duties.
EMJC has been a troubled institution for some time. On September 16, 1987, James B. Moore became its President. On that day Moore held a faculty meeting and obtained a vote of no confidence in Hoffman as Vo-Tech District Director. President Moore attempted to reassign Hoffman to maintenance duties, but employees in that division objected and Moore backed down. In the meanwhile Moore received information that Hoffman had claimed reimbursement for expenses supposedly incurred in taking his personal car to an out-of-town school-related meeting, when in fact, Hoffman had actually taken a school car.
On September 24, 1987, President Moore dismissed Hoffman. At that time Moore delivered to Hoffman a letter advising him that the grounds for his dismissal were, summarized, lack of leadership, improper handling of funds and failure to take reassignment. Hoffman immediately secured counsel and demanded a hearing before the Board of Trustees. Thereafter, counsel requested a further specification of charges and a listing of witnesses and other evidence which may support the charges. On November 25, 1987, President Moore responded itemizing eleven (11) specific charges:
 1) Lack of necessary leadership ability for service in position of Vo-Tech Director
 2) Improper handling of funds
 3) Refusal to accept reassignment
 4) Lack of necessary dedication and professionalism
 5) Lack of academic qualifications
 6) Questionable use of school automobile
 7) Improper use and supervision of district personnel
 8) Excessive absences from post during day *Page 840 
 9) Failure to correct deficiences cited by Southern Association of Colleges and Schools
 10) Failure to establish acceptable financial accounting system
 11) Failure to take necessary actions to maintain enrollment.
Moore listed witnesses to be called in support of all of these charges.
On December 17, 1987, EMJC's Board of Trustees held a hearing upon Hoffman's complaint and at the conclusion thereof upheld President Moore's decision. The Board attorney served as hearing officer. The "primary thrust" of the Board's decision, in the words of the Chancery Court (which later affirmed), was Hoffman's "unprofessional conduct which centered around his absence and inattention to administrative duties."
 III.
Two preliminaries.
Substantively, this is a suit for breach of contract. Effective July 1, 1987, EMJC entered into a contract of employment with Hoffman. Impliedly Hoffman bound himself to competent and diligent and faithful performance of the duties of District Director Vo-Tech Education. More specifically, Moore accepted the obligation to conform to all lawfully adopted school policies and procedures. EMJC could discharge Hoffman only for cause, that is, upon Hoffman's substantial breach of some material provision of his contract.
Procedurally, Hoffman enjoys protections under the Due Process Clauses of the Fourteenth Amendment to the Constitution of the United States and of this state's constitution. Miss. Const. Art. III, § 14 (1890). This is so because, on September 24, 1987, Hoffman was a public employee with an expectancy in continued employment at least through June 30, 1988. Spradlin v. Bd. ofTrustees of Pascagoula Sch. Dist., 515 So.2d 893, 897 (Miss. 1987) (citing Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Stewart v. Bailey, 556 F.2d 281
(5th Cir. 1977); Roane v. Callisburg Independent SchoolDistrict, 511 F.2d 633 (5th Cir. 1975); Cantrell v. Vickers,495 F. Supp. 195 (N.D.Miss. 1980). This does not mean that in cases such as this the Board must hear Hoffman with all of the formalities of a trial in a court of law. See Merchant v. Boardof Trustees of Pearl Municipal Separate School District,492 So.2d 959, 964 (Miss. 1986). In the end, the question is whether the hearing the Board afforded Hoffman employed fundamentally fair process.
We have established procedures in matters like this where the teacher works for a public school, see Miss. Code Ann. §§37-9-109, et seq. (Supp. 1987), but have always thought those covered only elementary, junior high and high schools and special schools operated by our various public school authorities. We have held that statutory process to satisfy the structure of federal and state due process and though it has no per se application to junior colleges, now community colleges, we have regarded it an adequate analogous measuring stick. Robinson v.Board of Trustees of East Central Junior College,477 So.2d 1352, 1354 (Miss. 1985).
Parenthetically, we note that bodies such as EMJC may provide enforceable procedures by contract, subject only to due process limitations. We accept that employee handbooks are ordinarily a part of an employee's contract. See Robinson v. Board ofTrustees of East Central Junior College, 477 So.2d at 1353. The point need not detain us as we have here no claim that EMJC has failed to follow any procedure it had by contract obligated itself to observe.
 IV. A.
It is important that Hoffman makes no per se objection to the fact that the hearing agency was the Board of Trustees itself. Invoking the EMJC Board Policy Manual, Hoffman demanded "a full hearing before the Board." Instead he identifies several features of the process the Board employed and claims them deficient. *Page 841 
First, Hoffman argues that the Board was not an impartial decision-maker because one of its members, George Gerhart, had conducted a private, personal investigation of Hoffman's case prior to the Board's hearing. Hoffman's claim collides with established principle grounded in due process considerations: that we will hold disqualified from service on a hearing board only those persons who, out of personal animosity, personal or financial stake in the decision, are shown of such bias that the presumption of honesty and integrity of Board members is overcome. See Harrison County School Board v. Morreale,538 So.2d 1196, 1201 (Miss. 1989); Spradlin v. Board of Trustees ofPascagoula Municipal Separate School District, 515 So.2d 893, 897-98 (Miss. 1987). See also, United Cement Company v. Safe Airfor the Environment, Inc., 558 So.2d 840, 842 (Miss. 1990).
In Spradlin the entire Board had participated in a pre-hearing investigation. We affirmed the teacher's dismissal on grounds he had not shown that any Board member had a personal or financial stake in the matter or that they bore any substantial personal animosity toward him. Spradlin, 515 So.2d at 898.
Hoffman may have no relief on this issue.
 B.
We have also considered the matter of President Moore's enlarging upon the grounds for Hoffman's termination following his September 24 letter dismissing Hoffman. The record of the hearing before the Board reflects that this enhancement was fully disclosed. Hoffman's position, of course, was that President Moore had manufactured eight additional charges once it became apparent that his action in terminating Hoffman would be subject to scrutiny by the Board. While this certainly is a matter that should have been and was fully explored at Hoffman's hearing before the Board, we find no impropriety or illegality.
We know of no law requiring that one such as President Moore, at the time of delivering notice of termination, specify every fact or reason which might support his action. Indeed, it may well be to the employee's future advantage that all of his perceived deficiencies not be a matter of written record. In the case at bar, Hoffman's counsel demanded a specification of charges and this was provided well in advance of the Board hearing. President Moore also provided names of the prospective witnesses. This is what — and all — the law requires. The question is whether there has been fair advance notice of the grounds for dismissal, as well as substantial evidence supporting those grounds, and not whether those grounds may or may not have been enumerated expressly at the time of the original termination.
Hoffman's claim is without merit.
 C.
Hoffman also objects that the Board's attorneys participated in the hearing and thereby destroyed the impartiality of the proceedings. The record reflects that attorneys employed by the Board moderated the hearing, ruled on objections and other procedural matters and, in addition, retired with the Board at the time of its deliberations.
Similar challenges have been tendered in similar proceedings in other jurisdictions. The fact that a Board attorney participates in a hearing, advises the Board and generally runs the hearing affords the employee no grounds for complaint unless, of course, it can be shown that in fact the attorney did corrupt or otherwise destroy the impartiality of the process. See, e.g.,Lamb v. Pan Handle Community Unit School District, 826 F.2d 526, 529 (7th Cir. 1987); Holley v. Seminole County School District,755 F.2d 1492, 1497 (11th Cir. 1985); Tasby v. Estes,643 F.2d 1103, 1106 (5th Cir. 1981); Austin v. Maxwell, 456 F.2d 1237
(5th Cir. 1972). Hoffman has made no such showing.
 D.
We have considered several other points Hoffman has tendered regarding the fairness *Page 842 
of the process he received and find that they merit neither discussion nor reversal. We have examined the entire course of proceedings before the Board and find it to have been fundamentally fair.
 VI.
Hoffman argues that the record is devoid of substantial evidence supporting the Board's decision terminating his employment. We accept that EMJC had employed Hoffman for the 1987-88 school year and that his contract for employment could be terminated only for cause. See Merchant v. Pearl MunicipalSeparate School District, 492 So.2d 959, 963 (Miss. 1986);Noxubee County Board of Education v. Givens, 481 So.2d 816, 819 (Miss. 1985); Sims v. Holly Springs Municipal Separate SchoolDistrict, 414 So.2d 431, 435 (Miss. 1982). State law vests in the president the power to "remove or suspend any member of the faculty subject to the approval of the trustees," Miss. Code Ann. § 37-29-63 (1972), but this in no way empowers a new president such as Moore to abrogate existing employment contracts without cause. See Campbell v. Warwick, 142 Miss. 510, 516-17,107 So. 657, 658 (1926).
The matter is different in two ways from a conventional breach of contract action between two private parties. First, as noted above, Hoffman enjoys due process protections. On the other hand, Hoffman must accept traditional judicial reluctance to interfere with the operation of public schools. See Mississippi EmploymentSecurity Commission v. McGlothin, 556 So.2d 324, 327-28 (Miss. 1981); Brantley v. Surles, 404 So.2d 1013, 1018 (Miss. 1990). This does not mean that Hoffman's rights under his contract were lesser than those he would have enjoyed had his employer been a private party. Rather, our "reluctance" focuses upon the Board of Trustees' hearing process and the decision emanating therefrom.
It is true that Hoffman was a long-time employee of EMJC and that as recently as June 26, 1987, the Board of Trustees had tendered him a new contract covering the year ending June 30, 1988. On the other hand, the record reflects that his performance had been sub-standard for quite some time. The fact that a school district tolerates sub-standard performance under circumstances such as these hardly constitutes a waiver of the district's prerogative to rely on just cause when it exists and terminate an employment contract. The question is whether Hoffman is in substantial breach of material features of his contract, not how long this has been so, nor whether his employer has failed to act upon similar past deficiencies.
Our scope of review in these matters is quite limited. We accept our duty of deference to the hearing officials and this is no different when those officials are the ultimate legal authority for the school district. We look to see whether the decision of the Board is supported by substantial evidence, was arbitrary or capricious, was beyond the power of the Board to make, or violated some statutory or constitutional right of the complaining party. See, e.g., Harrison County School Board v.Morreale, 538 So.2d at 1203. Most assuredly, by way of contrast, the test is not what we would have decided had we been the trier of the issues in dispute.
When these standards are applied to the facts in the case at bar, we may only find that there is substantial evidence that supports the view that Hoffman breached the duties of his contract of employment. Evidence supports that Hoffman was guilty of persistent unprofessional conduct centering around his absence and inattention to duties and that these are the principal grounds justifying dismissal, over and above evidence supporting the isolated ground of submission of an improper travel reimbursement voucher. For example, Mrs. Debra Pullen, Hoffman's assistant director, testified that the faculty lacked confidence in Hoffman and his leadership, that he had a negative attitude, that he did not get along with people, that he rarely conducted faculty meetings or addressed the students, that he was unavailable to the faculty, that he would leave the campus without explanation or means of being contacted, *Page 843 
that he performed very little of the administrative work of the Vo-Tech Center, and that he did not appropriately address the accreditation problems. We find nothing in the record suggesting that the Board's decision was arbitrary or capricious, nor that it was in violation of any constitutional statutory right vested in Hoffman.
We affirm the opinion and judgment of the Chancery Court of Kemper County, Mississippi, which in turn affirms the decision of the Board of Trustees of East Mississippi Junior College that James K. Hoffman's contract of employment be terminated.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
[1] The name of the college has now been changed to East Mississippi Community College. At all times relevant hereto, however, its official name was East Mississippi Junior College. For convenience we refer to the college as EMJC.