627 So.2d 335 (1993)
Jeff BOWMAN, Johnny Dupree, Charlotte E. Tullos and Kathryn Jones, Members of The Board of Trustees of Hattiesburg Public School District
v.
Dora Sue FERRELL.
No. 90-CA-1300.
Supreme Court of Mississippi.
November 18, 1993.
*336 Perry Sansing, Pamela W. Dill, Brunini Grantham Grower & Hewes, Jackson, for appellant.
Michael Adelman, Adelman & Steiner, Hattiesburg, for appellee.
Before DAN M. LEE, P.J., and PITTMAN and JAMES L. ROBERTS, Jr., JJ.
DAN M. LEE, Presiding Justice, for the court:

STATEMENT OF THE CASE
This case comes before the Court as an appeal from a chancery court decision overturning the six month suspension imposed on Dora Sue Ferrell by the members of the Board of Trustees of the Hattiesburg Public School District (Board). Ferrell appealed to the Forrest County Chancery Court on several grounds. The ruling of the full Board was reversed and Ferrell was reinstated to her status prior to the suspension.
From this decision, the Board appealed, assigning the following as error:
I. The chancellor erred in holding that the procedures followed at the administrative hearing in this matter were inconsistent with Miss. Code Ann. § 37-9-111 (1992) and with the United States Constitution.
II. The chancellor erred in ordering reinstatement rather than a rehearing as required by Miss. Code Ann. § 37-9-113(4) (1992).
Finding that Ferrell's right to procedural due process was violated, and that remand is the exclusive remedy for said violation, we reverse and remand for further proceedings. Other grounds relied on by the Chancellor in his decision have no bearing on our decision to reverse and, accordingly, are not addressed in this opinion.

STATEMENT OF THE FACTS
During the school year 1989-1990, Ferrell was employed as a high school special education teacher with the Hattiesburg Public School District. On December 7, 1989, Ferrell left the high school during fifth period, her planning period, to transport two special education students to a separate elementary school where the students participated in vocational training. Transporting students for this program was a duty assigned to Ferrell and known to her supervisors. The students had apparently encountered problems with office equipment prior to this date and Ferrell was conferring with the students and staff members in order to avoid further problems.
At some point before leaving the elementary school, Ferrell realized that she would be late for her sixth period class at the high school. However, she did not telephone her superiors to report her impending late arrival. The delay proved to be ten to fifteen minutes, and she arrived between 1:45 and 1:50 p.m. Upon entering her classroom, Ferrell found two students apparently engaged in some type of sexual behavior. Only two students were assigned to the class and both were mentally retarded. The boy was sixteen with the mental capacity of a five to six year old; the girl was 17 with the acumen of a six year old.
Ferrell testified that she "saw the boy straddled the girl around her  just above her knees with his legs bent back leaning, and he was just sitting up, and the girl was in a position where her body was kind of, you know, raised up off the floor." The boy jumped to his feet and appeared to be fully *337 clothed, the girl, however, was observed pulling her underpants up from slightly below waist level. Uncertain of what had transpired, Ferrell began to question the students. The young male was dismissed from the room because the girl was reluctant or unable to discuss the situation while he was present. Even after he left, Ferrell testified that she had difficulty in determining whether the student was hurt or whether her involvement in the sexual conduct was voluntary.
The period and the school day ended at 2:30. The female student was picked up after school by her mother. Ferrell testified that the girl promised to tell her mother what had happened but expressed a preference to do so alone. According to Ferrell she was collecting herself in anticipation of informing the principal of what she had seen when she was summoned to the office over the intercom at 2:45. The girl's mother was there and a conference ensued.
As a result of the incident, the Superintendent for the district decided that Ferrell should be suspended for the remainder of the school year. The formal ground for discipline was neglect of duty in the following areas: failure to notify school officials of impending late arrival; failure to lock classroom door; and, failure to notify principal immediately upon discovery of the improper conduct.
Ferrell availed herself of her statutory right to appeal the superintendent's decision to the Board. A hearing was conducted before three members of the Board. During a break in the formal proceedings, but in the presence of all the interested parties and their respective attorneys, the three members of the Board represented to Ferrell their intention to reject suspension in favor of a formal reprimand. According to Ferrell she relied on this information and rested her case without concluding her proof. Ultimately, a decision was reached to suspend Ferrell.
Ferrell appealed her suspension to the Forrest County Chancery Court where the chancellor reversed and ordered that Ferrell be reinstated. From this ruling, the Board perfected its appeal to this Court.

I. The chancellor erred in holding that the procedures followed at the administrative hearing in this matter were inconsistent with Miss. Code Ann. § 37-9-111 (1992) and with the United States Constitution.
Suspensions of public school teachers are governed by the following statutory language:
For incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a pupil or other good cause the superintendent of schools may dismiss or suspend any certificated employee in any school district... . The school board, upon a request for a hearing by the person so suspended or removed shall set a date, time and place for such hearing... . The procedure for such hearing shall be as prescribed for hearings before the board or hearing officer in Section 37-9-111.
Miss. Code Ann. § 37-9-59 (1990).
Section 37-9-111 describes the procedures to be followed in hearings before the school board as follows:
(1) ... The hearing may be held before the board or before a hearing officer appointed for such purpose by the board, either from among its own membership, from the staff of the school district or some other qualified and impartial person... .
(4) The board shall review the matters presented before it, or, if the hearing is conducted by a hearing officer, the record of the proceedings and, based solely thereon, conclude whether the nonreemployment [or suspension] determination is a proper employment decision, and shall notify the employee in writing of its final decision and the reasons therefor.
Miss. Code Ann. § 37-9-111 (1990).
Ferrell was a public employee with a contract-based expectation of continued employment for the duration of the contract, i.e., one school year. Thus, in addition to the statutory procedures set out above, she could only be deprived of her job consistent with the requirements of procedural due process. See Hoffman v. Board of Trustees, 567 So.2d *338 838, 840 (Miss. 1990); Spradlin v. Board of Trustees of Pascagoula Municipal School District, 515 So.2d 893 (Miss. 1987).
The essence of Ferrell's claim that her right to procedural due process was violated is that she was prevented from presenting her side of the story. According to Ferrell, the three Board members present at her hearing told her during a break that they each intended to vote to reject suspension and issue her a formal reprimand instead. Thereafter, she claims that she relied on the these representations from a majority of the Board and rested her case prematurely.
In support of this argument, Ferrell offers the following explanation of due process rights from the U.S. Supreme Court:
The fundamental requisite of due process of law is the opportunity to be heard. The hearing must be at a meaningful time and in a meaningful manner. In the present context, these principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting [her] own arguments and evidence orally.

Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (citations omitted) (emphasis added by appellee).
According to Ferrell, "it should be obvious that because of her reliance on the representations of the three Board members present at the hearing on January 11, 1990, [she] was not allowed to present all of her own evidence orally."
The Board counters by arguing that Ferrell was afforded an opportunity to present any and all of her evidence but that she voluntarily chose to rest without taking full advantage of her opportunity. The Board cites federal authority for the proposition that the right to present evidence is subject to reasonable limitations.
The question that must be answered is whether the hearing procedure as applied to Dora Sue Ferrell violated her constitutional right to procedural due process. The Board did afford Ferrell an opportunity to be heard. However, by its own actions, it prevented her from taking full advantage of her right to present evidence in her favor. To render an adverse ruling under these circumstances without further opportunity to present evidence offends the notions of fundamental fairness and the right to be heard incorporated into the right to procedural due process. It follows that Ferrell was denied due process in this respect as well. The fact that the chancellor made no finding as to whether the Board's representations at the hearing constituted a violation of due process is of no moment to our consideration on appeal. It is axiomatic that where a lower court reaches the proper outcome on an issue, albeit through no fault of its own, we will not reverse.

II. The chancellor erred in ordering reinstatement rather than a rehearing as required by Miss. Code Ann. § 37-9-113(4) (1992).
The Board asserts that Miss. Code Ann. § 37-9-113(4) (1990) provides the following exclusive remedy for its violation of Ferrell's right to procedural due process:
No relief shall be granted based upon a court's finding of harmless error by the board in complying with the procedural requirements of sections 37-9-101 to 37-9-113. However, in the event that there is a finding of prejudicial error in the proceedings, the cause shall be remanded for a rehearing consistent with the findings of the court.

In response, Ferrell cites cases that arguably hold that where procedural irregularities are so deficient as to cause irreparable damages, reinstatement is the only appropriate remedy. See Desoto County School Board v. Garrett, 508 So.2d 1091 (Miss. 1987); Noxubee County School Board v. Cannon, 485 So.2d 302 (Miss. 1986); Jackson v. Board of Education of Oktibbeha County, 349 So.2d 550 (Miss. 1977). On closer inspection, however, all these cases deal with violation of mandatory notification procedures for nonrenewal. None deal with the disciplinary proceedings contemplated by § 37-9-111. Ferrell presents no other authority and we know of none to support her position. In light of the clear meaning of § 37-9-113(4), we can *339 reach no result other than that the lower court erred in ordering Ferrell's reinstatement rather than reversing and remanding in accordance with § 37-9-113(4). Accordingly, we reverse and remand for another hearing.

CONCLUSION
The Board violated Ferrell's right to due process by leading her to believe that there was no need to present further evidence and then by changing its position without affording her an opportunity present her remaining proof. However, the proper remedy in this case is to remand for a rehearing. Thus, the lower court's decision to reinstate must be reversed.
REVERSED AND REMANDED FOR ANOTHER HEARING.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.