MeMILLIN, Presiding Justice,
for the Court:
¶ 1. Vickie McLeod King appeals from the decision of the Circuit Court of Greene County which upheld the order of the Mississippi Appeals Board finding that McLeod was properly terminated from her employment with the Mississippi Department of Corrections.
¶ 2. On appeal McLeod raises the issue of whether her termination was a denial of fundamental fairness and, therefore, a denial of substantive due process. We find no error and affirm the decision of the circuit court.
FACTS
¶ 3. McLeod was employed by the Mississippi Department of Corrections in 1994. She submitted a request for leave of absence without pay for the period March 14, 1994, through September 30, 1994, indicating that she desired to join her new husband in Georgia where he was working on a construction job. The request was denied because her absence could not be satisfactorily covered by the one other employee stationed at the warehouse where McLeod worked.
¶4. McLeod then filed a request for unpaid leave of absence for approximately one month under the Family and Medical Leave Act. She supported her request with a note from her physician stating that McLeod was “[ejxcused from work for medical reasons for *1128 one month.” Department of Correction officials told McLeod that more specific information was needed from her regarding the nature of her illness so that a proper determination of eligibility for medical leave could be made. She was provided with a certification form that required the physician to state the diagnosis and reason the employee was absent, the course of treatment, whether the employee could or could not work in any capacity during the absence, and other pertinent information. The certification form was designed to be signed by both the physician and the employee; each thereby certifying to the accuracy of the information. Alton Ellis, a personnel officer for the Department of Corrections, testified that he gave the certification form to McLeod on March 10 and explained the form to her again by telephone the next day. McLeod was told that the certification had to be returned within fifteen days of her original request for medical leave. McLeod, without returning the form, elected to absent herself from work immediately, apparently on the assumption that her leave request would ultimately be ruled on favorably.
¶ 5. McLeod delivered the required form to the Department on the fifteenth day; however, it was not signed by the physician or McLeod. The Department returned the form to the absent McLeod by certified mail with a letter explaining that, in its present state, the request form was unacceptable. The letter gave her until March 30, 1994, to properly complete and return the form.
¶ 6. On April 11, 1994, the Department received the return receipt showing delivery of the certified letter. The receipt indicated that the letter, addressed to McLeod’s address in Leaksville, had been forwarded to a Georgia address. On April 13, 1994, nearly two weeks after the deadline, the Department finally received the completed form, certifying that McLeod was suffering from depression.
¶ 7. However, prior to that time, on April 1,1994, the manager of the warehouse where McLeod worked requested disciplinary action against McLeod. As a result of that request, McLeod was sent a notice of administrative review hearing charging her with violating Group III, Subparagraph Number 1 of the State Personnel Manual of Policies, Rules and Regulations; specifically, “[a]bsence or leave in excess of five (5) working days without satisfactory explanation.” An administrative disciplinary hearing was held on April 19, 1994, and the hearing officer conducting the hearing recommended that McLeod be terminated.
¶8. McLeod appealed to the Employee Appeals Board, and a hearing was held before one member of the Board designated as the Hearing Officer. The Hearing Officer entered an order reversing McLeod’s termination. He found “[t]hat while the Appealing Party did not technically comply with the provisions of the Family [and] Medical Leave Act, she did provide the Department with an explanation for her absence. As such I find that her explanation, under the circumstances, was satisfactory.”
¶ 9. The Department appealed that decision to the full Employee Appeals Board. The Board reversed the Hearing Officer’s decision finding that McLeod had failed to sustain the burden of proof that rested on her to show that the facts relied upon to terminate her employment were not true. The full Board concluded that the Department of Corrections had “acted in accordance with published policies, rules and regulations of the State Personnel Board” and therefore there was no basis to alter the action taken by the agency. McLeod appealed the Board’s decision to the Circuit Court of Greene County. That court affirmed the action of the Employee Appeals Board.
DISCUSSION
¶ 10. Miss.Code Ann. § 25-9-132 (Rev.1991) provides that the scope of review of the circuit court is limited to a review of the record to determine if the action of the appeals board was “(a) [n]ot supported by any substantial evidence; (b) [arbitrary or capricious; or (c) [i]n violation of some statutory or constitutional right of the employee.” The statute and administrative regulations clearly place the burden of persuasion on the aggrieved employee to demonstrate that the reasons given for dismissal are not true. Miss.Code Ann. § 25-9-127 (Supp.1997); *1129 Rule 17, Administrative Rules of the Mississippi Employee Appeals Board. Unless the employee carries the burden of persuasion to show that the alleged conduct did not occur, the employee has no right to have the employment decision overturned. Mississippi Employment Sec. Comm’n v. Collins, 629 So.2d 576, 580 (Miss.1993).
¶ 11. McLeod was charged with violating Group III, Subparagraph Number 1 of the State Personnel Manual of Policies, Rules and Regulations. That provision provided that “[a]bsence or leave in excess of five (5) working days without satisfactory explanation” constituted a terminable offense. McLeod argues that she “made a good faith effort to comply with the policies and procedures of the agency, and although she did not meet the agency’s time deadline, her Certification of Physician was in full compliance with the Family and Medical Leave Act.” We are not satisfied that McLeod’s apparently half-hearted attempts to comply with the Department’s instructions on obtaining medical leave demonstrated a good faith effort at compliance on her part. Her apparent willingness to absent herself from work for a period approaching one month without prior permission, relying on nothing more than an unsigned medical “certification” does not suggest good faith in the view of this Court. Further, her act of removing herself from the only residence known to her employer, thereby rendering timely communication impossible does not go towards excusing her delay in finally submitting the necessary forms. The Department, when it sent her a certified letter to the only known address for McLeod, was entitled to expect prompt delivery and a prompt response. The ensuing delay approaching two weeks was directly attributable to McLeod’s failure to inform the Department of her relocation to Georgia at a time when she reasonably should have understood the need to stay in close touch with her employer. That neglectful conduct does not demonstrate good faith dealing on McLeod’s part.
¶ 12. McLeod writes sarcastically in her brief that she had “the audacity” to ask for medical leave after having been denied administrative leave and suggests that she is being unfairly punished for her audacity. Her real audacity, in our view, was in taking such an extended leave without following the proper procedure for doing so.
¶ 13. McLeod characterizes her issue as one of “fundamental fairness” and “a violation of substantive due process.” Substantive due process protects individual liberty against “certain government actions regardless of the fairness of the procedures used to implement them.” Daniels v. Williams, 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Substantive due process prohibits governmental infringement of fundamental liberty interests “unless the infringement is narrowly tailored to serve a compelling state interest.” Reno v. Flores, 507 U.S. 292, 302, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). Where a right is either explicitly or implicitly guaranteed by the constitution, that right is “fundamental.” San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 33-34, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Where no fundamental right is infringed by state action, yet a substantive due process challenge is lodged, the statute (or rule) will be upheld so long as it is reasonably related to a legitimate state purpose. Turrentine v. Brookhaven, Miss. Sch. Dist., 794 F.Supp. 620, 624 (S.D.Miss.1992). McLeod does not show that any statutory or constitutional right was infringed upon or violated. We do not believe that an employee has a fundamental liberty interest or other constitutionally protected right to unilaterally absent herself from work for over one month without permission and then cure the problem, after the fact, by belatedly filing the forms to obtain a medical leave. ■ The Department of Corrections had a legitimate purpose in requiring that an employee be present for work unless the absence was permitted under the rules and regulations governing leaves of absence.
¶ 14. McLeod cites Bowman v. Ferrell, 627 So.2d 335 (Miss.1993) as supporting her case that she was denied due process. In that ease a school teacher appealing her proposed suspension was not afforded a full opportunity to present evidence in her case. There is no apparent parallel to the present case. McLeod was given every opportunity to com *1130 ply with her employer’s leave policy and to argue her ease on each level of appeal. We find nothing in this case which shows a violation of McLeod’s right to substantive due process in the adverse personnel action that resulted in her termination from employment.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., THOMAS, P.J., and COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.
HERRING, J., not participating.