# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00250-SCT

*DANNY COWART*

*v.*

*SIMPSON COUNTY SCHOOL BOARD*

| | |
|---|---|
| DATE OF JUDGMENT: | 1/12/2001 |
| TRIAL JUDGE: | HON. J. LARRY BUFFINGTON |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JOHN L. MAXEY, II |
| | SHARON MARIE GARNER |
| ATTORNEY FOR APPELLEE: | DOUGLAS M. MAGEE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | VACATED AND REMANDED - 06/06/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/27/2002 |

## BEFORE SMITH, P.J.,WALLER AND COBB, JJ.

### COBB, JUSTICE, FOR THE COURT:

¶1. Danny Cowart was employed as a teacher and coach at Magee High School in Simpson County, Mississippi. Five days after an altercation between Cowart and the Magee High School principal, Cowart was notified by the Simpson County Superintendent of Education, Jack McAlpin, that he had recommended Cowart's termination. At Cowart's request, a hearing was held before the Simpson County School Board (the Board) on June 28, 1998, and the Board terminated Cowart's contract. Cowart appealed to the Simpson County Chancery Court pursuant to Miss. Code Ann. § 37-9-113 (2001).

¶2. By order dated August 19, 1998, following a hearing on Cowart's motion for stay pending appeal, the chancellor granted the stay, finding that the hearing before the Board did not conform with due process requirements. He remanded the case to the Board for a rehearing, to be conducted in compliance with the statutory and constitutional laws of the State of Mississippi and the United States of America, and ordered that a hearing officer be appointed as provided by statute. Pursuant to the chancellor's ruling, the Board

reinstated Cowart's pay and benefits, but relieved him of duties pending a proper hearing, and appointed a hearing officer who conducted the rehearing on December 21, 1998. Once again, the Board terminated Cowart's contract.

¶3. Cowart did not appeal the Board's final decision to the chancery court. Instead, on February 19, 1999, he filed a motion for contempt against the Board, alleging it had violated the chancery court's August 19 order on motion to stay. The Board responded, saying that that the chancery court lacked jurisdiction because Cowart had not appealed the Board's final decision within twenty days as mandated by Miss. Code Ann. § 37-9-113. Following a motion hearing, conducted on April 12, 1999, the chancery court found that the Board was not in contempt, but ordered the Board to pay Cowart's salary for January and February of 1999. The Board appealed that order to this Court, Cowart moved to dismiss the appeal, and on May 4, 2000, we granted his motion to dismiss.[1]

¶4. On January 12, 2001, the chancery court entered a final judgment upholding Cowart's termination. Aggrieved, Cowart appeals, raising two assignments of error, which have been edited for clarity:

**I. DID THE BOARD PROVIDE A FAIR AND IMPARTIAL HEARING?**

**II. DID COWART'S ACTIONS JUSTIFY TERMINATION FOR "OTHER GOOD CAUSE "?**

¶5. The Simpson County School Board cross appeals raising four assignments of error, similarly edited:

**III. DID COWART FAIL TO TIMELY APPEAL THE DECEMBER 21, 1998 FINAL DECISION OF THE SCHOOL BOARD?**

**IV. DID THE CHANCERY COURT HAVE JURISDICTION TO HEAR COWART'S MOTION FOR CONTEMPT?**

**V. WAS THE CHANCELLOR'S FINAL JUDGMENT MANIFESTLY WRONG?**

**VI. WAS THE CHANCELLOR MANIFESTLY WRONG IN ESTABLISHING COWART'S DISMISSAL DATE AS MARCH 1999?**

¶6. We conclude that because Cowart did not appeal within 20 days following the Board's December 21, 1998, final decision dismissing him from employment as of that date, the chancery court had no jurisdiction after January 10, 1999. Because this issue is dispositive, we do not address the others.

<u>FACTS</u>

¶7. Danny Cowart's tenure as both coach and athletic director at Magee High School was quite successful. His 1997-1998 football team had a record of 14-1 and won the Mississippi AAA State Championship. He had just signed a new contract for the 1998-1999 scholastic year approximately a week before the altercation that led to his termination.

¶8. According to Cowart, there was a single angry confrontation between Cowart and his principal, Sidney Lee, which took place within the office of the principal when no one else was present, after the last school session had ended and at a time in Cowart's life when he was under a good deal of stress. The exchange lasted about five minutes. Cowart admitted that he called Lee a son of a bitch and that he should not have

done so. He also admitted that he was irritated but not angry, and that he shook his finger at Lee, but did not recall touching Lee's nose.

¶9. Lee's description of the encounter differed. He stated that Cowart was out of control when he came into Lee's office in an angry and agitated manner, and that when Cowart shook his finger in Lee's face, he struck Lee on the nose with his finger. Lee reported the incident to Superintendent McAlpin, and Lee's secretary, who was in the office adjoining Lee's, corroborated Lee's report. McAlpin did not talk to Cowart, but rather decided to make his recommendation to terminate Coward based on the descriptions of the incident given to him by Lee and his secretary, saying he believed Cowart's behavior to be totally unacceptable.

¶10. At the first hearing conducted by the Board, Superintendent McAlpin participated as, in the words of the chancellor, a major "prosecution witness" to support the firing of Cowart. Following the close of the public hearing, when the Board members went into executive session, McAlpin and Board attorney Doug Magee were present, but Cowart was not. McAlpin participated in those deliberations, and a majority of the Board members voted to uphold McAlpin's recommendation to terminate Cowart's employment. Cowart claimed that the presence and participation of McAlpin during the Board's deliberations in executive session tainted the impartiality of the proceedings and denied him his statutory and constitutional right to due process.

¶11. On appeal, the chancellor agreed, stating: "This clearly is in violation of the due process rights of Coach Cowart in that [sic] by Mr. McAlpin being present and able to address questions and make statements to the Hearing Board without Coach Cowart having the right to cross-examine or to present additional testimony to rebut anything Mr. McAlpin said. In effect, the Board let the fox in the hen house." The chancellor remanded the case to the Board for a rehearing, to be conducted by a hearing officer, in conformity with due process requirements.

¶12. Nancy Maddox was appointed to be the hearing officer and she conducted the second hearing before the Board. In her "Report and Recommendation of the Hearing Officer," she referred primarily to Principal Lee's testimony describing the incident. Maddox also noted that Lee's secretary generally corroborated most of Lee's version of the events that transpired that day, and noted McAlpin's testimony regarding what Lee and his secretary told him. Finally, Maddox compared Cowart's version of the events to the version described by the others, and after finding that Cowart's language was "abusive and inappropriate, and touching Mr. Lee while shaking his finger at him is an assault", Maddox concluded that the decision to terminate Cowart's employment was a proper decision. The Board agreed and in its Final Decision, by a unanimous vote, dismissed Cowart effective December 21, 1998, for good cause. As previously noted, Cowart did not appeal this decision by the Board, but instead, after two months had passed, he filed a collateral attack, a motion for contempt against the Board, which was subsequently denied by the chancery court.

¶13. Eventually the chancellor handed down his Final Judgment on January 12, 2001, concluding that he had no alternative but to affirm the decision of the Board, even though he felt the matter could have been handled in a far less critical manner, i.e., suspension or reprimand.

## STANDARD OF REVIEW

¶14. Our scope of review of employment decisions made by a school district is quite limited. "We accept

our duty of deference to the hearing officials and this is no different when those officials are the ultimate legal authority for the school district." ***Hoffman v. Board of Trustees***, 567 So.2d 838, 842 (Miss. 1990). "We look to see whether the decision of the Board is supported by substantial evidence, was arbitrary or capricious, was beyond the power of the Board to make, or violated some statutory or constitutional right of the complaining party." ***Id.*** "Most assuredly, by way of contrast, the test is not what we would have decided had we been the trier of the issues in dispute." ***Id.***

## DISCUSSION

¶15. The Board argues that because Cowart did not perfect an appeal from the final decision of the Board after the second hearing, within twenty days as required by Miss. Code Ann. § 37-9-113, the chancery court was without jurisdiction to entertain any future motions and thus all subsequent orders issued by the chancellor are null and void. In response, Cowart argues that the chancery court "maintained jurisdiction" over this cause pursuant to his July 6, 1998, appeal and the subsequent order on motion for stay.

¶15. The chancery court's final judgment of January 12, 2001, states:

> For the purposes of background it should be noted that the order on the motion for stay was granted pending a final disposition. The Court subsequently in the same order remanded to the school board said case for the purposes of conducting a hearing as set forth in that order. That the order [sic] **nor did this Court at any time dismiss the appeal filed therein by Danny Cowart and, in fact, only remanded until such time as the Court could have a final hearing on this matter.**
>
> That subsequent thereto there was a motion to compel, as well as various motions filed by the school board concerning the hearing that was conducted as a result of the remand in which there was a question as to whether Mr. Cowart had failed to timely file a notice of appeal as to the remand hearing. **Of course, this matter was only remanded to the school board for a hearing thereon and was to be returned to this Court for a final hearing on the merits at the conclusion of that hearing.** This order is a result of that prior order issued by the Court on August 19, 1998 remanding the case and done in compliance with the statutes provided for hearings or appeals of the actions of the Simpson County School Board in this cause.

(emphasis added). However, a careful reading of the August 19, 1998, order on motion for stay[2], to which the chancellor is referring, reveals no mention of retaining jurisdiction, or the case being returned to the chancery court for a final hearing on the merits, or anything remotely related. Although it is possible that this intent or expectation was verbalized, there is nothing in the record to so indicate. Be that as it may, it makes no difference. Pursuant to the statute, the chancellor has no authority to retain jurisdiction over a matter he has remanded for a rehearing before the school board, nor does he cite any authority for doing so.

¶16. Grounds and procedures to be followed for dismissal or suspension of licensed employees such as Coach Cowart, are found in Miss Code Ann. § 37-9-59 (2001) and provide for hearings before the board or a hearing officer. That same section sets forth procedures to be followed by a licensed employee aggrieved of the decision made at the hearing, as follows:

> . . . From the decision made at said hearing, any licensed employee shall be allowed an appeal to the chancery court in the same manner as appeals are authorized in Section 37-9-113.[3] Any party

aggrieved by action of the chancery court may appeal to the Mississippi Supreme Court as provided by law.

Miss. Code Ann. § 37-9-59 (2001) (emphasis added.)

¶17. In *Bowman v. Ferrell*, 627 So.2d 335 (Miss. 1993), a school teacher who was terminated by the school board appealed that decision claiming she was denied due process. The chancery court agreed, reversed the ruling of the school and ordered reinstatement of the school teacher. *Id.* at 336. On appeal to this Court, we reversed and remanded the judgment of the chancery court, concluding it was error to reinstate the teacher for a finding of prejudicial error during her proceedings. We went on to say that the statutorily mandated remedy is to remand the case for a new hearing before the school board, relying on Miss. Code Ann. § 37-9-113.

¶18. In the case sub judice, on December 21, 1998, the Board handed down its final decision after the second hearing. Instead of appealing that final decision to the chancery court within twenty days, as is required by the statute, Cowart waited almost two months, and then filed a motion for contempt. That motion was procedurally barred because the chancery court lacked jurisdiction to entertain that, or any other, motion.

¶19. The statute only allows the chancery court to review whether the final decision of the Board was supported by substantial evidence, was arbitrary or capricious, or violated a constitutional or statutory right. Further, the statute does not authorize the chancery court to retain jurisdiction over a matter while it sends the matter back to a school board for rehearing. The Board's decision after the second hearing was a "final decision," not an advisory opinion. The statute provides that an employee aggrieved by "final decision" of a school board may appeal that decision within twenty days to the chancery court. Cowart could have done so, but he did not. Therefore, the Board's final decision of December 21, 1998, is final, and all subsequent orders issued by chancery court subsequent to that final decision are a nullity.

## CONCLUSION

¶20. Cowart's failure to perfect his appeal from the Board's final termination decision of December 21, 1998, within the statutorily mandated twenty-day period means that all of his subsequent motions and appeals are procedurally barred. Therefore, we vacate the judgment and all orders entered by the chancery court subsequent to that final decision and remand to the chancery court with instructions to dismiss with prejudice Cowart's motion for contempt of February 19, 1999, and all other motions filed subsequent to December 21, 1998, for lack of jurisdiction.

¶21. **VACATED AND REMANDED**.

    **PITTMAN, C.J., SMITH, P.J., WALLER, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. McRAE, P.J., NOT PARTICIPATING.**

1. However, we did not rule on whether the chancellor continued to have jurisdiction over this matter, stating:

> The panel finds that the order from which the Simpson County School Board appeals is interlocutory in nature and is not a final appealable order. However, the panel makes no finding on the issue of

whether the chancellor continued to have jurisdiction over this matter after Cowart failed to file a new notice of appeal after the second school board hearing. If necessary, that issue may be addressed by the Court upon a proper final appeal.

2. The chancellor apparently not only ruled on the motion for stay, but also, after finding that Cowart was entitled to a proper hearing by the Board, went on to state "that it would be in the best interest of all parties to go ahead and remand to the School Board for purposes of conducting a hearing allowing Mr. Cowart all of his statutory and constitutional rights." The chancellor "[r]ecognizes that a final hearing on this matter has not been had, however by the Board's own admission Mr. McAlpin and Mr. Magee were present and this Court feels that in the interest of time, justice and expense that it would be better to remand at the present time rather than wait until a final hearing on the matter is held." He goes on to say that "the prejudicial procedural defects cannot be overlooked", and "should be addressed now so that the tax dollars being spent . . . . can be kept to a minimum..." No objection was made to this expedited procedure.

3. Miss. Code Ann. § 37-9-113 (2001) provides for judicial review of any decision adverse to any school employee, licensed or otherwise, as follows:

(1) Any employee aggrieved by a final decision of the school board is entitled to judicial review thereof, as hereinafter provided.

(2) An appeal may be taken by such employee to the chancery court of the judicial district in which the school district is located, by filing a petition . . . **within twenty (20) days of the receipt of the final decision** of the board.

(3) The scope of review of the chancery court in such cases shall be limited to a review of the record made before the school board or hearing officer to determine if the action of the school board is unlawful for the reason that it was:

(a) Not supported by any substantial evidence;

(b) Arbitrary and capricious; or

(c) In violation of some statutory or constitutional right of the employee.

(4) No relief shall be granted based upon a court's finding of harmless error by the board in complying with the procedural requirements of Section 37-9-101 through 37-9-113. However, **in the event that there is a finding of prejudicial error in the proceedings, the cause shall be remanded for a rehearing consistent with the findings of the court**.

(5) Any party aggrieved by action of the chancery court may appeal to the Supreme Court in the manner provided by law.